UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE KRIDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 1:14-cv-26 |
| v. | : | |
| | : | Hon. John E. Jones III |
| STATE OFFICER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **February 20, 2014**

## **THE BACKGROUND OF THE MEMORANDUM IS AS FOLLOWS:**

Plaintiff Kyle Krider ("Plaintiff" or "Krider"), currently an inmate confined at the Rockview State Correctional Institution ("SCI Rockview") in Bellefonte, Pennsylvania, commenced this *pro se* action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1). On January 23, 2014, this Court screened his Complaint pursuant 28 U.S.C. § 1915(e)(2). (Doc. 8). The Court dismissed the Complaint without prejudice as it failed to comply with the Federal Rules of Civil Procedure and failed to name a proper defendant. (*Id.*). The Court granted Krider leave to file an amended complaint. (*Id.*).

On January 27, 2014, Krider filed a document entitled "Request Leave to File Amended Complaint into Federal Habeas Corpus Action 28 U.S.C. § 2241." (Doc. 9). In this document, Krider sought to reassert the same claims as in his

original civil rights complaint, in the form of a habeas action. (*Id.*). In an Order dated February 4, 2014, the Court dismissed the Amended Complaint and granted Krider additional time to file an Amended Complaint.

On February 12, 2014, Krider filed a second Amended Complaint. (Doc. 11). This Amended Complaint is presently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). Because Krider's Amended Complaint remains fundamentally flawed in numerous respects, for the reasons set forth below, we will dismiss Plaintiff's Amended Complaint with prejudice.

**II.    PLAINTIFF'S AMENDED COMPLAINT**

Krider's single-page, sparse Amended Complaint reads precisely as follows:

1. That he will suffer irreparable damages and that he has no adequate remedy at law.

2. He is entitled to relief.

3. He was asked by a police officer where do you get the cell-phone and bracelet from.

4. Plaintiff stated that he found it on the ground.

5. Likelihood of success on merits of claim that fingerprinting requirement unnecessarily impeded First Amendment freedom of speech and served little or no legitimate governmental purpose.

6. That he would suffer irreparable injury with no adequate remedy at law.

7. Fingerprinting process occurred 9/16/2009 at police dept.

> 8. That each government official defendant, through his own individual actions has violated the Constitution.

(sic) (Doc. 11).

## III. DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.,* 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 , 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* As such, a plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted).

*Pro se* pleadings are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff is proceeding *pro se* and such parties are accorded substantial deference and liberality in federal court. *Haines,* 404 U.S. 519; *Hughes v. Rowe,* 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Although there is not a heightened pleading standard in § 1983

cases,[1] a § 1983 complaint must bear reasonable relation to the Rules. Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief sought by pleader. *See* Fed. R. Civ. P. 8(a). Plaintiff's Complaint lacks specific allegations of place and fails to name any specific defendants in relation to the wrongdoing.

Plaintiff makes a broad allegation that his First Amendment rights are being violated because he was fingerprinted, but he fails to explain this allegation with any precise factual averments. (Doc. 11). "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Pureveegiin v. Pike County Corr. Facility,* 2006 WL 1620219, *2 (M.D. Pa. 2006) (*quoting Walker v. South Central Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir. 1990)). Further, while he names the "State Officer", "Local Officer", and "Sheriff" as Defendants, he fails to explain how these Defendants violated Plaintiff's rights, and fails to identify where these allegations occurred. Because Plaintiff's Complaint is not in compliance with the Federal Rules of Civil Procedure, the Court cannot adequately screen this pleading to determine whether it presents a viable claim for relief.

---

[1] *See Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163 (1993). The Supreme Court rejected a heightened pleading standard, noting that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

Accordingly, the Complaint is subject to *sua sponte* dismissal by the Court for failure to comply with Rule 8.

Furthermore, even if Plaintiff had properly alleged a § 1983 claim, Plaintiff failed to timely file his claim because his claim dates back to September of 2009. (Doc. 11).  If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also, e.g.,Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  The running of the statute of limitations is an affirmative defense.  *See* Fed.R.Civ.P. 8(c).  However, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *See, e.g., Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

It is well established that the statute of limitations for a § 1983 claim is two years.  *Sameric Corp. Of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998). A cause of action under § 1983 accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.*  The face of the Amended Complaint reveals that the fingerprinting that serves the basis of Plaintiff's Complaint took place on September 16, 2009.  (*See* Doc. 11).  Plaintiff did not file his Complaint until January 8, 2014, making the action time-barred.  As

such, the Court will *sua sponte* dismiss the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because Plaintiff has been provided with ample opportunity to correct the deficiencies identified in his Complaint but has still failed to state a viable civil rights cause of action, and, in light of the applicable statute of limitations, granting leave to amend would be futile or result in undue delay.  *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).  As such, Plaintiff's Complaint will be dismissed with prejudice and the Clerk of Court will be directed to close this case.  An appropriate order follows.